In the year 1918 James S. Noel leased and let in writing unto the Village of Mooringsport, Louisiana, for a period of 99 years a strip of ground 40x156 feet, the contract providing that it would be used exclusively for a good road then being constructed jointly by that municipality and the Parish of Caddo. The lessee, in consideration therefor, agreed to "pay annually a sum equal to the village taxes of James S. Noel, up to a sum not to exceed $25.00 per annum during the life of this lease."
Predicating this action on such agreement, plaintiff, Noel Estate, Inc., alleges that it has acquired all of the interest of James S. Noel in the lease; that the lessee, now the Town of Mooringsport, made use of the leased property and paid the rental therefor up to and including the year 1934, at the end of which the municipality unsuccessfully sought to cancel the agreement; and that the road on the property "has continuously been used under said lease all during the years 1935, 1936, 1937, 1938 and 1939." For this five year period it claims rentals due of $25 per annum; and it asks judgment against the Town of Mooringsport in the total amount of $125.
Numerous defenses are urged to the suit. The one sustained by the trial court, as its written opinion discloses, was that the lease, by its very terms, was subject to cancellation when defendant ceased to use the land as a road; and that it was effectively cancelled at the end of 1934.
Following a signing of the judgment, which rejected plaintiff's demands, this appeal was perfected.
The stated defense, in our opinion, was correctly upheld.
The resolution adopted by the governing board of the municipality, authorizing the execution of the agreement with James S. Noel, provided in part that "in the event the Village of Mooringsport don't use the 40 foot roadway, this lease is inoperative and cancelled." And in the signed contract there was a provision reading: "It is further understood that this strip of 40 feet of ground as above described shall be used continuously for the purposes herein expressed, and that the disuse or discontinuance of said lease shall ipso facto vacate, annull and cancel this lease, without further formality."
The road on the leased strip of land served as the south approach to the bridge, located in the vicinity of Mooringsport, that spans Caddo Lake. In 1921, the Louisiana Legislature, through Act No. 95 of the Extra-Session of that year, placed in the State Highway System and under the supervision of the Louisiana Highway Commission a number of routes in the state. *Page 801 
One of these, known as Route No. 8, began at the Arkansas State Line near Rodessa and passed through Mooringsport and Blanchard to Shreveport. A part of it was the section of road under consideration, the maintenance of which was commenced by the Highway Commission in the year 1932, and has since been continued.
On December 6, 1934, the Town Council of Mooringsport, by unanimous vote of its members, ordained the cancellation of the James S. Noel lease, effective December 31, 1934. This action was taken, as the ordinance recites, in view of the State Highway Commission's maintenance of Route No. 8, and further because "to keep the lease in effect is a tax burden on the Town of Mooringsport." Notice of the cancellation was promptly given to plaintiff through its duly authorized representative.
Obviously the intention of the parties was that the lease should terminate when the municipality's supervision over the road ceased. This cessation, as before shown, occurred before January 1, 1935, the commencement of the period for which plaintiff claims rentals. All rentals due prior to that date were paid.
Accordingly, the judgment is affirmed.